UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

UNITED STATES OF AMERICA,                    CR 17-50138

        Plaintiff,

vs.                                          PLEA AGREEMENT

FAIR DEAL PAWN,

        Defendant.

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A.    ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDER-STANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering pleas of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B.    PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the

Defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure which authorizes the United States to agree that it will recommend, or agree not to oppose, the Defendant's request that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor, does or does not apply. Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his plea of guilty if the Court rejects them.

  **C.**   **PLEA OF GUILTY TO CHARGE:** The Defendant will plead guilty to the Indictment filed in this case, which charges Migratory Bird Treaty Act in violation of 16 U.S.C. §§ 703(a) and 707(a). The charge carries a maximum sentence of a $15,000 fine. There is a $10 assessment to the Victims' Assistance Fund. Restitution may also be ordered.

  **D.**   **VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

  (1)   All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)     The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3)     The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E.     ACCEPTANCE OF RESPONSIBILITY:**  The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this plea agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility.  Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

**F.     TIMELY ACCEPTANCE OF RESPONSIBILITY:**  The United States agrees that the Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate

3

their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

  **G. STIPULATED OFFENSE LEVEL:** It is further understood that in connection with the Defendant's plea and sentencing, the United States and the Defendant stipulate that the base offense level upon which the Defendant's sentence is to be initially calculated, pursuant to U.S.S.G. § 2Q2.1(a), is 6. It is further stipulated that pursuant to U.S.S.G. § 2Q2.1(b)(1), the offense level should be increased by 2, in that the offense was committed for purpose of pecuniary or commercial gain or involved a pattern of violations. These enhancements result in an adjusted offense level of 8. The Defendant understands that this stipulation is not binding upon the Court. The Defendant further understands that should the Court not follow the terms of this stipulation and agreement, he will not be allowed to withdraw his plea.

  **H. SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Ave., Ste. 128, Sioux Falls, SD 57104-6851, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $10 in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013. This amount covers the total statutory assessments applicable.

**I.    RESTITUTION – AGREEMENT TO PAY**:    The Defendant hereby agrees to make restitution, if any, pursuant to 18 U.S.C. §§ 3663 and 3663A.

**J.    FINE – AGREEMENT TO PAY:** The Defendant hereby agrees to pay a fine at or before sentencing in the amount of $3,000.

**K.    RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of his sentence, with evidence and argument.

**L.    BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty pleas on these charges, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering pleas, and that the Court may rely thereon in determining the basis for his pleas of guilty as provided for in this plea agreement.

**M.    WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act.  This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**N.    PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**O.    SCOPE OF AGREEMENT:**   This agreement shall include any attachments, exhibits or supplements designated by the parties.  It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**P.    WAIVER OF DEFENSES AND APPEAL RIGHTS:**  The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant 18 U.S.C. § 3553(a).

**SUPPLEMENT TO PLEA AGREEMENT**

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

RONALD A. PARSONS, JR.
United States Attorney

4-12-18
Date

Eric Kelderman
Meghan N. Dilges
Assistant United States Attorneys
515 9th Street #201
Rapid City, SD 57701
Telephone: (605) 342-7822
Facsimile: (605) 342-1108
E-Mail: Meghan.Dilges@usdoj.gov
E-Mail: Eric.Kelderman@usdoj.gov

APPROVED:
RONALD A. PARSONS, JR.
United States Attorney
By:

Gregg Peterman, Supervisory
Assistant United States Attorney

MARCH 21, 2018
Date

Fair Deal Pawn
Defendant

MARCH 21, 2018
Date

Frank A. Bettmann
Attorney for Defendant

7